# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2790

_____

Jarek Charvat, Individually and on behalf of all others similarly situated

*Plaintiff - Appellant*

v.

Mutual First Federal Credit Union

*Defendant - Appellee*

_____

No. 12-2797

_____

Jarek Charvat, Individually and on behalf of all others similarly situated

*Plaintiff - Appellant*

v.

First National Bank of Wahoo

*Defendant - Appellee*

------------------------------

United States of America

Amicus on Behalf of *Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 14, 2013
Filed: August 2, 2013

_____

Before RILEY, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Jarek Charvat brought putative class actions against two Nebraska banks, Mutual First Federal Credit Union ("Mutual First") and First National Bank of Wahoo ("First National") (collectively, "Appellees"), alleging violation of the Electronic Fund Transfer Act ("EFTA"). See 15 U.S.C. § 1693. The district court dismissed both of Charvat's suits for lack of standing, and he now appeals. We reverse.

I.

In early 2012, Charvat made several withdrawals from Appellees' ATMs. A total of three transactions occurred, one at Mutual First in Omaha and two at First National in Wahoo, Nebraska. At the time Charvat completed the transactions, the EFTA required ATM operators to provide two forms of notice, one "on or at" the ATM ("on machine" notice) and another on-screen during the transaction, if operators charged a transaction fee. See § 1693b(d)(3)(B)(i)-(ii), amended by Act of Dec. 20, 2012, Pub. L. No. 112-216, 126 Stat. 1590 (removing the "on machine" notice requirement). A transaction fee was not allowed without the prescribed notice, and consumers could recover various damages under the EFTA for violations. See § 1693m(a) (actual damages, statutory damages, costs, and fees). Charvat received

-2-

an on-screen notice of a transaction fee at each ATM, which he accepted, and for each transaction Charvat was charged a $2.00 fee. However, Charvat alleges that neither of Appellees' ATMs had "on machine" notice.

Charvat brought separate putative class action suits against Appellees, alleging violation of the EFTA. Both First Mutual and First National moved to dismiss, arguing the district court lacked subject matter jurisdiction because Charvat did not have standing to bring his claims. The district court granted Appellees' motions to dismiss, concluding that Charvat had not alleged an injury in fact but only an "injury in law." The district court held that an EFTA plaintiff "must allege an injury in fact that was caused by the lack of an exterior fee notice on the ATM," and determined that Charvat had not done so. Charvat v. First Nat'l Bank of Wahoo, No. 8:12CV97, 2012 WL 2016184, at *3 (D. Neb. June 4, 2012) (emphasis omitted); see also Order to Show Cause 4, No. 8:12CV11, ECF No. 22 (reaching same conclusion in suit against Mutual First). Charvat filed timely appeals in both cases, which are now consolidated for appeal.

II.

We review the district court's dismissal of Charvat's complaints de novo, "accepting as true the factual allegations contained in the complaint and granting [Charvat] the benefit of all reasonable inferences that can be drawn from those allegations." See Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012). The sole issue here is whether Charvat has standing to bring his EFTA claims against Appellees. "[The] 'irreducible constitutional minimum of standing' requires a showing of 'injury in fact' to the plaintiff that is 'fairly traceable to the challenged action of the defendant,' and 'likely [to] be redressed by a favorable decision.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 591 (8th Cir. 2009) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). Although the district court

primarily focused on the injury in fact element, Appellees also attack traceability. We address these two elements in turn.

## A.

The injury in fact element requires a plaintiff to allege "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560. Because injury in fact is a constitutional requirement, Congress may not grant standing to an individual who would not otherwise have standing. See Raines v. Byrd, 521 U.S. 811, 820 n.3 (1997). Congress may, however, create legal rights via statute, the invasion of which can create standing to sue. See Warth v. Seldin, 422 U.S. 490, 500 (1975) ("The actual or threatened injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing . . . ." (quotation omitted)).

The EFTA, the statute at issue here, was passed to establish a "basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems."[1] 15 U.S.C. § 1693(b). The "primary objective" of the EFTA is "the provision of individual consumer rights." Id. One of the consumer rights provided under the EFTA is the right to notice of fees linked to ATM transactions. See § 1693b(d). No ATM fee may be charged unless the consumer receives the prescribed notice and elects to continue the transaction. § 1693b(d)(3)(C). As noted above, when Charvat conducted his ATM transactions, the EFTA required notice of fees both on the ATM and also on the screen. See

---

[1]Under the EFTA, "electronic fund transfer" essentially means any transfer of funds initiated through a computer terminal or telephone, where a financial institution is authorized to debit or credit an account. See 15 U.S.C. § 1693a(7). This includes point-of-sale transfers (i.e., debit card transactions), ATM transactions, direct deposits, and telephonic transfers. Id.

-4-

§1693b(d)(3)(B)(i)-(ii), amended by Act of Dec. 20, 2012, Pub. L. No. 112-216, 126 Stat. 1590. The EFTA authorizes individual and class action suits for violations of the EFTA, with recovery of actual damages, statutory damages, costs, and attorney's fees. See § 1693m(a).

On appeal, Charvat argues he suffered two independent, equally cognizable injuries: an economic injury in the form of an illegal $2.00 fee and an informational injury due to Appellees' failure to provide the statutorily required notice. As an initial matter, Appellees argue Charvat waived any claim that the $2.00 fee constituted an injury in fact. Appellees argue Charvat repeatedly filed documents in the district court stating that the $2.00 fee was not the injury. See, e.g., Pl.'s Resp. to Def.'s Mot. to Dismiss 1, No. 8:12-CV-00097, ECF No. 11 ("The injury to Plaintiff Charvat and the putative class in this matter is not the $2.00 fee, but the failure to provide information in the manner prescribed by Congress."). Charvat responds that his statements to the district court merely meant the $2.00 fee *standing alone* was not his injury, but rather that his injury was the combination of the $2.00 fee and the failure to provide both forms of notice. Charvat also argues that claiming the $2.00 fee as his injury is merely a new argument on appeal, and not a new issue, since the broader issue of standing was clearly before the district court. See Hintz v. JPMorgan Chase Bank, N.A., 686 F.3d 505, 508 (8th Cir. 2012) ("Appellants' contention that the order was not on the merits raises only a new argument, not a new issue, and thus is not barred from review.").

Notably, the district court did not address the $2.00 fee as an injury in fact, but only addressed the informational injury in its orders dismissing Charvat's claims. See Charvat, 2012 WL 2016184, at *2 ("The issue then is whether [First National's] failure to give a notice to which Charvat was statutorily entitled in itself constitutes an injury in fact to Charvat."); id. at *3 ("Here, Charvat alleges only a statutory violation of the EFTA because [First National] failed to provide an exterior fee notice on its ATM."); see also Order to Show Cause 4, No. 8:12CV11, ECF No. 22 (using

identical language in suit against Mutual First). Nor did the district court discuss whether it found that Charvat waived the $2.00 fee as his injury in fact. Thus, we have no lower court decision to review regarding the $2.00 fee as an injury, either on the merits or in regard to an alleged waiver.

However, assuming, without deciding, that Charvat did waive the claim that the $2.00 fee constituted an injury in fact, we conclude Charvat still had standing to pursue his claims against Appellees based on the informational injury that he allegedly sustained. The district court concluded that because Charvat failed to allege some injury beyond the failure to receive an "on machine" notice, he had not suffered a cognizable injury in fact. We disagree. Decisions by this Court and the Supreme Court indicate that an informational injury alone is sufficient to confer standing, even without an additional economic or other injury.

The district court's rejection of Charvat's informational injury claim was based largely on the determination that a statutory violation, standing alone, was not a sufficient injury in fact. But Charvat identifies a variety of instances where the denial of a statutory right to receive information is sufficient to establish standing. For example, the Supreme Court "has previously held that a plaintiff suffers an 'injury in fact' when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute." Fed. Election Comm'n v. Akins, 524 U.S. 11, 21 (1998). Our Court, as well, has held that plaintiffs need not show actual damages, beyond a statutory violation, in order to recover statutory damages. See Dryden v. Lou Budke's Arrow Fin. Co., 630 F.2d 641, 647 (8th Cir. 1980) ("[Truth in Lending Act] plaintiffs, otherwise entitled to recover, need not show that they sustained actual damages stemming from the TILA violations proved before they may recover the statutory damages the Act also provides for."). Once Charvat alleged a violation of the notice provisions of the EFTA in connection with his ATM transactions, he had standing to claim damages. See id. ("If [borrower] proved that the disclosure provisions of [TILA] and Regulation Z were violated in connection with the January

-6-

26 transaction, [lender] is liable for statutory damages."). Thus, the district court erred by requiring Charvat to demonstrate an injury beyond Appellees' failure to provide the prescribed "on machine" notice.[2]

The district court also held that "[t]he [EFTA's] authorization of statutory damages is unrelated to injury." Charvat, 2012 WL 2016184, at *3 (emphasis omitted). We disagree. At the time of Charvat's transactions, the EFTA created a right to a particular form of notice before an ATM transaction fee could be levied. If that notice was not provided and a fee was nonetheless charged, an injury occurred, and the statutory damages are directly related to the consumer's injury. Cf. Dryden, 630 F.2d at 647 ("[S]tatutory damages are explicitly a bonus to the successful . . . plaintiff, designed to encourage private enforcement of the Act, and a penalty against the defendant, designed to deter future violations."). This distinguishes the statutory damages here from the qui tam damages at issue in Vermont Agency of Natural Resources v. United States, 529 U.S. 765, 772 (2000), cited by the district court in support of its conclusion that Charvat's damages were unrelated to his injury. In a qui tam case such as Vermont Agency, the relator is explicitly seeking to vindicate violation of the rights of the government. See id. at 772-74 (suggesting, in suit to remedy state agency's submission of false claims to EPA, that qui tam relator's interest in suit was unrelated to injury to the government, but finding sufficient injury to confer standing by considering relator partial assignee of government's damages claim). Here, in contrast, the statutory damages are given to a consumer who personally experiences a statutory violation, and not to a third party who simply notices the injury of another. Accordingly, we find Charvat's claim of statutory damages is sufficiently related to his injury to confer standing.

---

[2]We note also that the vast majority of lower courts to consider this question have found that plaintiffs like Charvat do have standing to bring similar EFTA claims. See, e.g., Alicea v. Citizens Bank of Penn., No. Civ. 12-1750, 2013 WL 1891348, at *2 & n.3 (W.D. Pa. May 6, 2013) (finding violation of EFTA notice provision constitutes injury in fact, and collecting cases).

We agree with Appellees and the district court that Article III precludes a plaintiff from asserting a claim for an abstract statutory violation. See Summers v. Earth Island Inst., 555 U.S. 488, 497 (2009) ("It would exceed Article III's limitations if, at the behest of Congress and in the absence of any showing of concrete injury, we were to entertain citizen suits to vindicate the public's nonconcrete interest in the proper administration of the laws." (internal marks omitted)). And if, hypothetically, Charvat simply heard from an acquaintance that Appellees did not provide "on machine" notice—but never himself visited their ATMs, never initiated a transaction, and was never charged a transaction fee—then Charvat may well lack standing to bring an EFTA suit. But based on the complaints filed in these cases, Charvat has not merely asserted "the public's nonconcrete interest" in the administration of the EFTA. Instead, Charvat alleges a violation of his own interest: Appellees did not provide him with the required "on machine" notice, and subsequently charged him a prohibited fee following an ATM transaction that he initiated and completed. Thus, we conclude that Charvat has alleged an action that injured him "'in a concrete and personal way,'" see id. (quoting Lujan, 504 U.S. at 581 (Kennedy, J., concurring in part and concurring in judgment)), and has satisfied the injury in fact requirement of standing.

B.

Appellees also argue that Charvat's alleged injuries are not fairly traceable to their conduct because their failure to provide "on machine" notice was not the sole cause of his alleged injuries. "Traceability requires proof of causation, showing the injury resulted from the actions of the defendant 'and not . . . [from] the independent action of some third party not before the court.'" See Oti Kaga, Inc. v. S. D. Hous. Dev. Auth., 342 F.3d 871, 878 (8th Cir. 2003) (quoting Lujan, 504 U.S. at 560). Appellees argue that Charvat, by accepting the $2.00 transaction fee after receiving an on-screen notice of the fee, broke any causal link between Appellees and his alleged injury.

Appellees' argument, however, is not supported by our case law. "'Not every infirmity in the causal chain deprives a plaintiff of standing.'" ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters, 645 F.3d 954, 961 (8th Cir. 2011) (quoting St. Pierre v. Dyer, 208 F.3d 394, 402 (2d Cir. 2000)). Indeed, in ABF Freight, the appellees argued that the appellants' injury flowed from their own action, namely the rejection of collective bargaining amendments adopted by a competitor. Id. However, we rejected this argument, finding that "[h]ad [appellees] not allegedly breached . . . [appellants] would not have been forced to choose between options that were unattractive . . . ." Id. The same logic applies here. If Appellees had not violated the EFTA's notice requirement, Charvat would not have been forced to choose between engaging in a transaction without the required notice and walking away. Thus, we conclude Charvat's injury was fairly traceable to Appellees' conduct.

III.

Accordingly, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

———————————————

-9-